ANTONIO R. MATOS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 962.   Submitted November 4, 1935.—Decided November 30, 1935.

*H. Torres Solá* for appellant.   The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 23, 1923, there was approved Act No. 12 (Session Laws (2), p. 36), "Regulating the procedure for the cancellation in the registry of property of liens and entries of chattels real, and for the extinction of certain records and

annotations on account of lapse of time." Section 3 of said act provides as follows: "On their own motion or at the request of a party, Registrars of Property shall cancel entries of attachment by reason of taxes, in the lapse of one year from the date of the entry."

Based on the above provision, Antonio R. Matos requested the Registrar of Property of San Juan, on August 15, 1935, to cancel an attachment for $240, which had been levied by the Treasurer of Puerto Rico and had been recorded a year before in the registry of property on a property belonging to Matos to secure the payment of certain workmen's insurance premiums. The registrar denied the cancellation sought, and thereupon the owner of the encumbered property took the present appeal.

The registrar rested his refusal of the cancellation on the following grounds:

" . . . Because the entries that Act No. 12 of 1923 directed to be cancelled *ex officio* were those which had been made on the special books provided for by the Act of March 15, 1909, for the recording of attachments for unpaid property taxes levied in accordance with the Political Code (sec. 341) and not for the cancellation of rights not acknowledged up to then, such as the quotas for workmen's compensation involved herein, whose registration was ordered to be made by Act No. 14 of 1933, which provides that a note for the attachment therefor shall be made on the margin or at the foot of the registrations of the properties or real rights of the taxpayer on the record books existing in the registries of property since their establishment in 1880 pursuant to the Mortgage Law; because by section 1, mortgages and other liens are declared to have preference during three years with retroactive effect, but taxes are excepted; because section 5 prescribes for their collection the same procedure as that established for the collection of property taxes; because the Treasurer of Puerto Rico in a circular letter of January 9, 1935 (approved by the Attorney General), ordered the collectors of internal revenue to strictly comply with that legal provision and to send to the registrars of property the proper certificate for the recording of attachments in the volume wherein the property of the taxpayer was recorded; and because the final paragraph of section 168·of the Mort-

gage Law establishing a statutory mortgage in favor of the State, provinces, and towns for the amount of an annual tax, due and unpaid, which burdened the property, was amended by the Act of March 14, 1907, and since then, the same secures the taxes of the last three annual assessments and the current assessment; and because in order to cancel any other attachments, section 1 (*b*) of the act on which the applicant relies, four years at least must elapse.''

■ The registrar erred in refusing the cancellation sought, as the recording of an attachment for unpaid premiums for workmen's insurance does not arise from Act No. 14 of 1933 (Session Laws (2), p. 76), because prior thereto Act No. 19 of 1916 (Session Laws, p. 51) had provided that the same procedure shall be followed for the collection of said premiums as for the collection of a property tax, for which an attachment may be levied with record thereof in the registry, and so the Treasurer could order attachments for unpaid premiums for workmen's insurance and cause such attachments to be recorded. What the Act of 1933 provided was that note of such attachments should be made on the margin or at the foot of the registrations of the properties or real rights of the taxpayer, while according to the Act of 1916 the attachments which the Treasurer levied were entered on the special books which had been created.

■ The provision in subdivision (*b*), section 1 of the Act of 1923, on which the registrar relies for his conclusion that four years must elapse in order that the requested cancellation of the attachment may be made, is not applicable to the present case because that provision refers exclusively to records of attachment made by virtue of a judicial order.

The reference which the registrar makes to Act No. 14 of 1933 is not correct, as said act does not declare mortgage credits and crop loans to be liens having preference during three years with retroactive effect excepting taxes, but establishes that the same will have preference over any other charge or lien for taxes or for any other cause, with the exception of taxes on the encumbered property for three years

and for the current year. As the act stands, we fail to see how the same can have any application, for although it is true, as the registrar seems to suggest, that the cancellation, by the lapse of a year, of the records of attachment for taxes other than property taxes would have the effect of annulling the preference for the collection thereof, which is only obtained by virtue of such records, and that no such thing occurs as regards the attachments for property taxes, with respect to which said preference would continue to exist regardless of the tacit lien recognized by law, nevertheless, in order to conclude that the point raised would cease to have any importance, it is sufficient to bear in mind that, since for the collection of assessments or premiums for workmen's compensation the same procedure should be followed as for the collection of property taxes, the proceeding in question must be completed under the law at most within one year.

Lastly, we may say that section 3 of the act above referred to directs the cancellation of records of attachment by reason of taxes within a year from the date of the entry, without making any distinction as to whether the amounts are due as property taxes or as premiums for workmen's compensation, and that, therefore, the same is applicable to all the attachments ordered by the Treasurer.

The decision appealed from must be reversed and the cancellation requested by the appellant ordered.